IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| ADAM ALLBRITTON, SHERRY LYNN BELL, KEVIN GARRISON, BIJI JOSE, DENISE PEOPLES, and DEBORAH TERRY, each individually and on behalf of others similarly situated, | * * * * * * | |
| Plaintiffs, | * | |
| vs. | * | No. 4:13-cv-00158-SWW |
| | * * | |
| JOEY WIGGINS, LIFESPRING THERAPY SOLUTIONS, LLC, and TRAVIS RAYE, | * * * * | |
| Defendants. | * | |

ORDER

By Opinion and Order entered March 14, 2014 [doc.#41], the Court granted plaintiffs' Fed.R.Civ.P. 23 motion for class certification with respect to their claim alleging they have not been paid for their accrued Paid Time Off. The Court certified a Rule 23 class that consisted of the following persons:

> All hourly employees of Lifespring Therapy Solutions, LLC who have not been paid for their accrued Paid Time Off after March 19, 2008.[1]

Subsequently, by Order entered April 20, 2015 [doc.#78], the Court granted the joint motion [doc.#73] of the parties for preliminary approval of their Fed.R.Civ.P. 23 settlement agreement and to send a proposed notice (Ex. A) to the members of the Rule 23 class. The Court scheduled a hearing for final approval of the settlement agreement on September 1, 2015. However, late on the afternoon of August 31, 2015, the Court had to cancel the hearing due to

---

[1] Lifespring closed in December 2012 and no longer operates.

unrelated and unforeseen circumstances.

On September 1, 2015, the parties notified the Court that no person entered any objection during the notice period as was required and the Court notes that to its knowledge, no person appeared on that date to object. Given these circumstances, the parties jointly request that the Court approve the settlement agreement without a hearing.

Having considered the matter, the Court hereby approves the settlement agreement as set forth in the joint motion [doc.#73] of the parties for preliminary approval of the Fed.R.Civ.P. 23 settlement agreement. That agreement creates a common settlement fund of $175,000.00, $105,000 of which will be distributed to Class Members on a *pro rata* basis based on Lifespring's records of accrued paid time off at the time Lifespring ceased operations. The Court finds that the settlement agreement constitutes a significant victory for the Class Members in that the Class Members will receive a substantial monetary recovery that would likely be uncollectible in the absence of the settlement agreement.

Plaintiffs have also filed a motion for attorneys' fees, costs, and administrative expenses [doc.#75]. Without objection, the Court grants plaintiff's motion and hereby awards plaintiffs attorneys' fees, costs, and administrative expenses in the amount of $70,000–constituting 40% of the $175,000 common settlement fund.

Having given final approval to the parties' settlement agreement, the Court hereby dismisses this action.

IT IS SO ORDERED this 2nd day of September 2015.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE